IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY DICKERSON, TDCJ No. 2313689, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2095-N-BN |
| DIRECTOR, TDCJ-CID, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Terry Dickerson, a Texas prisoner, filed a *pro se* civil complaint under 42 U.S.C. § 1983 concerning his Dallas County conviction for unlawful possession of a firearm by a felon. *See* Dkt. No. 3. The Court granted Dickerson's motion for leave to proceed *in forma pauperis* under the Prison Litigation Reform Act (the "PLRA"). *See* Dkt. Nos. 4 & 5. And Dickerson amended his claims through verified responses to a screening questionnaire. *See* Dkt. Nos. 6 & 7.

This lawsuit was then transferred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief United States District Judge David C. Godbey. *See* Dkt. No. 8.

Where a plaintiff who is imprisoned or detained pending trial seeks relief from a governmental entity or employee, a district court must, on initial screening under the PLRA, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may

be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice, as Dickerson's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Applicable Background

In 2020, Dickerson was convicted of possession with intent to deliver cocaine, possession of marijuana, and unlawful possession of a firearm by a felon; these convictions were affirmed on appeal the next year. *See Dickerson v. State*, Nos. 05-20-00339-CR, 05-20-00347-CR, & 05-20-00348-CR, 2021 WL 5410523 (Tex. App. – Dallas Nov. 19, 2021, no pet.), *aff'g*, Nos. F18-52315-V, F18-52318-V, & F20-00007-V (292d Jud. Dist. Ct., Dall. Cnty.).

After that, Dickerson failed to seek further review through postjudgment proceedings in either state or federal court.

But now, Dickerson effectively collaterally attacks his firearm conviction through a civil complaint. *See, e.g.*, Dkt. No. 3 at 4 & 7.

## Discussion

"A complaint fails to state a claim where it demands relief barred by *Heck v. Humphrey*." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)). That is, a Section 1983 claim that "falls under the rule in *Heck*

is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

> As to whether a particular civil claim is subject to the rule in *Heck*,
>
> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

While *Heck* generally applies to claims for damages, to the extent that Dickerson does not seek damages, *see* Dkt. No. 8 at 7 (specifically requesting that his custodial record "be corrected" and that charges be dismissed or that he be granted a jury trial); *but see* Dkt. No. 3 at 4 (requesting $1 million in "compensation"), *Heck* applies equally where a suit seeks only injunctive relief, *see, e.g., O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at *2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary damages, the

- 3 -

principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec. accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)).

Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

Because Dickerson fails to show that the criminal conviction that underlies his civil claims has been reversed, invalidated, or otherwise set aside, the claims in this lawsuit – calling that conviction into question – are currently subject to the rule in *Heck* and thus not cognizable.

And the Court should dismiss this lawsuit without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir.

1998) (en banc)).

## Recommendation

The Court should dismiss this action without prejudice, as Plaintiff Terry Dickerson's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 19, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE